An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RITE OF PASSAGE, ATCS/SILVER STATE ACADEMY,
Appellant,
vs.
STATE OF NEVADA, DEPARTMENT OF BUSINESS AND INDUSTRY, OFFICE OF THE LABOR COMMISSIONER; THORAN TOWLER, IN HIS CAPACITY AS LABOR COMMISSIONER OF THE STATE OF NEVADA; AND KAYLA MOORE,
Respondents.

No. 66388

FILED

DEC 2 3 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a petition for judicial review in a labor law matter. Ninth Judicial District Court, Douglas County; Nathan Tod Young, Judge.

The Labor Commissioner is charged with enforcing the labor law provisions of NRS 608.005 to 608.195. NRS 608.180. Although statutory interpretation presents a legal question that calls for de novo review, our case law nonetheless recognizes that "an administrative agency charged with the duty of administering an act is impliedly clothed with the power to construe the relevant laws . . . and the construction placed on a statute by the agency charged with the duty of administering it is entitled to deference." *Elliot v. Resnick*, 114 Nev. 25, 32 n.1, 952 P.2d 961, 966 n.1 (1998).

SUPREME COURT
OF
NEVADA

(O) 1947A

15-39453

Kayla Moore worked as a Coach Counselor for Rite of Passage (ROP) and signed a Coach Counselor Payroll Declaration. It provided for an unpaid 8-hour "sleep[ ] period" in accordance with 29 C.F.R. § 785.22 (2012).[1] After Moore filed a wage complaint alleging ROP failed to pay her for time worked, the Labor Commissioner held an administrative hearing and ruled that Moore "worked" within the meaning of NRS 608.016 during her sleep period, for which she should have been paid.

NRS 608.016 provides that "[a]n employer shall pay to the employee wages for each hour the employee works." NAC 608.115

---

[1]Section 785.22 provides:

> (a) *General.* Where an employee is required to be on duty for 24 hours or more, the employer and the employee may agree to exclude bona fide meal periods and a bona fide regularly scheduled sleeping period of not more than 8 hours from hours worked, provided adequate sleeping facilities are furnished by the employer and the employee can usually enjoy an uninterrupted night's sleep. If sleeping period is of more than 8 hours, only 8 hours will be credited. Where no expressed or implied agreement to the contrary is present, the 8 hours of sleeping time and lunch periods constitute hours worked.

> (b) *Interruptions of sleep.* If the sleeping period is interrupted by a call to duty, the interruption must be counted as hours worked. If the period is interrupted to such an extent that the employee cannot get a reasonable night's sleep, the entire period must be counted. For enforcement purposes, the Divisions have adopted the rule that if the employee cannot get at least 5 hours' sleep during the scheduled period the entire time is working time.

implements NRS 608.016 and states, "[a]n employer shall pay an employee for all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee." Before 2015,[2] the Nevada Legislature did not define what constitutes "work[ ]" or address how to determine whether time an employee spends sleeping on the employer's premises at the employer's behest counts as hours worked. The Labor Commissioner maintains that the statutory scheme entrusts the determination of whether an employee "works" within the meaning of NRS 608.016 to his office to decide on a case-by-case basis. As Nevada law provides little guidance on this issue, we turn to the federal courts' interpretation of hours worked under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-19 (2012). *See Terry v. Sapphire Gentleman's Club*, 130 Nev., Adv. Op. 87, 336 P.3d 951 (2014) (adopting the federal courts'

---

[2]During this past legislative session, the Nevada Legislature passed S.B. 146, 78th Leg. (Nev. 2015), amending NRS 608.016, effective July 1, 2015, to permit agreement respecting unpaid sleep time along much the same lines as § 785.22. *See id.* After ordering and considering supplemental briefs on the 2015 amendment to NRS 608.016, we conclude that it is amendatory, not merely clarifying, and does not apply retroactively. *See Pike Cty. Fiscal Court v. Util. Mgmt. Grp., LLC*, ___ S.W.3d ___, 2015 WL 3638198, at *5 (Ky. Ct. App. 2015) (stating that statutory amendments that seek to clarify existing law may be applied retroactively). Moore has a vested right to her wages and the Legislature did not provide for the statute to apply retroactively. *See Sandpointe Apartments, LLC v. Eighth Judicial Dist. Court*, 129 Nev., Adv. Op. 87, 313 P.3d 849, 859 (2013) ("If a statute affects vested rights, it may not apply retroactively unless such intent is clearly manifested by the Legislature."). This order therefore addresses the pre-amendment version of NRS 608.016.

"economic realities" test utilized under the FLSA to determine employment under Nevada's minimum wage laws).

The words "work" or "employment" in the FLSA are defined by their common usage and mean "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business." *Tenn. Coal, Iron & R.R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 598 (1944), *superseded by statute*, Portal to Portal Act, 29 U.S.C. § 251, *as recognized in Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. ___, 135 S. Ct. 513 (2014). Whether a certain employee "worked" as defined in the FLSA is a factual determination made by the appropriate administrator. *See Armour & Co. v. Wantock*, 323 U.S. 126, 133 (1944) (noting that whether time spent in idleness constitutes work "is a question dependent upon all the circumstances of the case"); *see also Skidmore v. Swift & Co.*, 323 U.S. 134, 136-37 (1944) (providing that whether waiting time is work time is a factual determination made in light of the Office of Administrator's findings).[3]

---

[3]This court recognizes that Congress stated in the Portal to Portal Act, 29 U.S.C. § 251 (2012), that the FLSA had "been interpreted judicially in disregard of long-established customs, practices, and contracts between employers and employees, thereby creating wholly unexpected liabilities, immense in amount and retroactive in operation, upon employers." *Id.* at § 251(a). However, the cases cited remain relevant because at the time the Supreme Court was attempting to interpret provisions as indefinite in their extreme generality as NRS 608.016. *See Ibp, Inc. v. Alvarez*, 546 U.S. 21, 28 (2005) ("Other than its express exceptions for travel to and from the location of the employee's 'principal activity,' and for activities that are preliminary or postliminary to that principal activity, the Portal-to-Portal Act does not purport to change this Court's earlier descriptions of the terms 'work' and 'workweek,' or to define the term 'workday.'").

Appellant argues that the Labor Commissioner should have drawn on 29 C.F.R. § 785.22 in interpreting NRS 608.016. But the federal regulation post-dates the cases just cited interpreting "work" and, at the time this dispute arose, no Nevada statute or regulation existed that paralleled 29 C.F.R. § 785.22. For the Labor Commissioner to have applied § 785.22, would have required his office to engage in ad hoc rulemaking, which Nevada's Administrative Procedure Act forbids. *Compare S. Nev. Operating Eng'rs Contract Compliance Tr. v. Johnson*, 121 Nev. 523, 531, 119 P.3d 720, 726 (2005) (noting this court has refused to validate an agency's action in a contested case, where it is tantamount to ad hoc rulemaking), *with* NRS 233B.038(1)(a) (defining a regulation as "[a]n agency rule, standard, directive or statement of general applicability which effectuates or interprets law or policy, or describes the organization, procedure or practice requirements of any agency"). Importing § 785.22 into Nevada law would create, for the first time, the right to contract an unpaid sleep period out of hours worked, for certain employees. *See Gen. Motors Corp. v. Ruckelshaus*, 742 F.2d 1561, 1565 (D.C. Cir. 1984) ("[I]f by its action the agency intends to create new law, rights or duties, the rule is properly considered to be a legislative rule."). Also, an employer would be required to fulfill certain duties to maintain the unpaid sleep period and where his employee's sleep period is interrupted. *See* § 785.22. Thus, for the Commissioner to have adopted § 785.22 would have amounted to ad hoc rule-making, for it would have imposed a new contractual scheme with specific obligations on a large group of employers. *See State, Dep't of Taxation v. Chrysler Grp. LLC*, 129 Nev., Adv. Op. 29, 300 P.3d 713, 717 (2013) (defining a "statement of general applicability" as "a policy or rule that applies to multiple parties in a similar manner").

Though the determination of whether a certain block of time is hours worked is highly factual, it is properly characterized as a mixed question of law and fact. *See Gen. Elec. Co. v. Porter*, 208 F.2d 805, 814 (9th Cir. 1953) ("The ultimate determination of whether or not sleeping time is work time presents a mixed question of law and fact."); *Bell v. Porter*, 159 F.2d 117, 120 (7th Cir. 1946) (stating that the question of whether sleep time constituted working time was a mixed question of law and fact). Where mixed questions of law and fact are involved, an agency's findings are "entitled to deference and should not be disturbed if the court determines that they are supported by substantial evidence." *See Kolnik v. Nev. Emp't Sec. Dep't*, 112 Nev. 11, 16, 908 P.2d 726, 729 (1996).

The Position Description and Ms. Moore's testimony at the hearing established that ROP required Ms. Moore to stay on its premises during her sleep period in case an emergency arose. Additionally, Mr. Wright, ROP's corporate human resources director, testified that this requirement benefited ROP as it helped keep the youth safe and promoted bonding between the children and Coach Counselor. Substantial evidence thus supports the Labor Commissioner's determination that Ms. Moore worked during her sleep period based on the definition of "work" in *Tennessee Coal, Iron & Railroad Co.*, 321 U.S. at 598.[4] Accordingly, we

---

[4]We reject ROP's argument that NRS 608.016 cannot apply to a non-Indian business located on Indian (federal) land. A state may assert its authority over non-Indians on Indian land "only if not pre-empted by the operation of federal law." *New Mexico v. Mescalero Apache Tribe*, 462 U.S. 324, 333 (1983). The FLSA does not preempt the application of Nevada law here because our holding results in higher wages for Moore than she would otherwise have under the FLSA. *See* 29 U.S.C. § 218(a) (2012).

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Hardesty

_____, J.          _____, J.
Parraguirre                          Douglas

_____, J.          _____, J.
Cherry                               Saitta

_____, J.          _____, J.
Gibbons                              Pickering

cc:    Hon. Nathan Tod Young, District Judge
       Littler Mendelson/Las Vegas
       Kayla Moore
       Attorney General/Las Vegas
       Douglas County Clerk